*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THELMA PEEPLES,

        Plaintiff-Appellant,

v

MICHAEL ANGELO CANFIELD,

        Defendant-Appellee.

UNPUBLISHED
April 18, 2019

No. 341599
Wayne Circuit Court
LC No. 16-005496-NF

Before: O'BRIEN, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J. *(dissenting)*

I respectfully dissent. I would find a genuine question of fact as to the only two issues challenged in this motion for summary disposition. I would therefore reverse and remand.

As an initial matter, the majority's contention that the "accident was not severe enough to cause the airbags in plaintiff's car to deploy" reflects a misunderstanding of either the accident or airbags. The traffic accident report indicates that defendant struck plaintiff's car at its front passenger-side corner from the side. Basic physics indicates that the car would therefore spin on an axis, which is consistent with plaintiff's statement to IME medical providers that the car "spun" and she was "twisted." Frontal airbags, by design, *should* not deploy if a collision is not frontal or otherwise in the longitudinal axis of the vehicle. There is considerably more variation in the design of side airbags. Therefore, it is not clear that if plaintiff's car was equipped with side airbags, they would necessarily deploy if, as happened here, the car was impacted at the far front or far rear. Under the circumstances, the fact that the airbags in plaintiff's car did not deploy proves nothing about the severity of the crash.

As the majority outlines, recovery of damages under MCL 500.3135(1) is a two-step analysis. First, the trial court must determine as a question of law whether a "serious impairment of body function" is present if there is no actual or no material dispute regarding the nature and extent of the injuries. MCL 500.3135(2). Defendant concedes this. Secondly, plaintiff must establish "an objectively manifested impairment" to "an important body function" that "affects the person's general ability to lead his or her normal life." *McCormick v Carrier*, 487 Mich 180, 195; 795 NW2d 517 (2010). Defendant expressly conceded, for purposes of summary

-1-

disposition, that he would "not contest that an important body function was impaired." As a consequence, causation is necessarily also not at issue, at least for the purposes of summary disposition. Therefore, the only issue before us is whether there is a genuine question of fact that plaintiff's undisputed impairment was "objectively manifested" and "affect[ed plaintiff's] general ability to lead [her] normal life."

The trial court dismissed plaintiff's claim that her general ability to lead her normal life had been affected without analysis, merely stating that "she can't stand long car rides anymore." The trial court apparently did not thoroughly review the record. Plaintiff provided testimony that she enjoyed gardening, cooking, and dancing before the accident, but is now incapable of doing any of those activities. She also testified that she had been sexually active before the accident and was now incapable of sexual activity. In effect, all of her hobbies and a major life activity are, as a consequence of the accident, now unavailable to her. Clearly, there is a question of material fact whether plaintiff's general ability to lead her normal life has been affected.

As the majority points out, subjective statements about pain and suffering are not, by themselves, objective manifestations of an impairment. *McCormick*, 487 Mich at 197-198. Nevertheless, "the proper inquiry is whether the *impairment* is objectively manifested, not the *injury* or its symptoms," so "the focus is not on the injuries themselves, but how the injuries affected a particular body function." *Id* at 197 (emphasis in original) (internal quotation omitted). Importantly, medical documentation is not always mandatory, and a plaintiff must merely show a physical basis for any subjectively-reported pain or impairment. *Id*. Equally importantly, it is not necessary for any medical documentation to directly state the presence of an impairment, but rather a physical basis for the pain. It has long been established that a pain-related restriction imposed by a physician also overcomes the limitation on pure subjective reporting. See *McDanield v Hemker*, 268 Mich App 282-285; 707 NW2d 211 (2005).

The majority outlines, and I need not repeat, the evidence plaintiff presented tending to show a physical basis for her complaints of pain. The majority contends that "there may be another reason for plaintiff's symptoms" other than the accident, which is *precisely* the precondition for denying a motion for summary disposition. Furthermore, as discussed, causation is not at issue at this time, but rather objective manifestation. An independent medical examination arriving at a conclusion that differs from that of plaintiff's medical providers is, again, *precisely* the precondition for denying a motion for summary disposition. The facts as laid out by the majority show that there are differing possible explanations for plaintiff's pain and impairment; consequently, summary disposition should have been denied. I therefore need not reach any issues pertaining to plaintiff's motion for reconsideration.

I would reverse the trial court's grant of summary disposition and remand for further proceedings.

/s/ Amy Ronayne Krause